1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL C. SAIN,

11            Plaintiff,                    No. CIV S-06-0055 DFL KJM P

12        vs.

13   DEUEL VOCATIONAL
     INSTITUTION, et al.,
14
              Defendants.              <u>ORDER</u>
15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $00.96 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

                                            1

1   preceding month's income credited to plaintiff's prison trust account.  These payments will be

2   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4         The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in

11  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

12  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.

14  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

15  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

16  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17        A complaint, or portion thereof, should only be dismissed for failure to state a

18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

20  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

21  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

22  complaint under this standard, the court must accept as true the allegations of the complaint in

23  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26  /////

2

1    The court finds the allegations in plaintiff's complaint so vague and conclusory

2 that it is unable to determine whether the current action is frivolous or fails to state a claim for

3 relief.  The court has determined that the complaint does not contain a short and plain statement

4 as required by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a

5 flexible pleading policy, a complaint must give fair notice and state the elements of the claim

6 plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

7 Plaintiff must allege with at least some degree of particularity overt acts which defendants

8 engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the

9 requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.  The

10 court will, however, grant leave to file an amended complaint.

11    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

12 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

13 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

14 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

15 there is some affirmative link or connection between a defendant's actions and the claimed

16 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

17 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

18 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

19 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

20    In addition, to the extent plaintiff is attempting to plead a claim regarding medical

21 treatment he may wish to consult Estelle v. Gamble, 429 U.S. 97 (1976).  The Supreme Court

22 held that inadequate medical care does not constitute cruel and unusual punishment cognizable

23 under section 1983 unless the mistreatment rises to the level of "deliberate indifference" to

24 serious medical needs.  Id. at 106.

25 /////

26 /////

3

1       In the Ninth Circuit, the test for deliberate indifference consists of
2   two parts. First, the plaintiff must show a serious medical need by
    demonstrating that failure to treat a prisoner's condition could
    result in further significant injury or the "unnecessary and wanton
3   infliction of pain." Second, the plaintiff must show the defendant's
    response to the need was deliberately indifferent.  This second
4   prong-defendant's response to the need was deliberately
    indifferent-is satisfied by showing (a) a purposeful act or failure to
5   respond to a prisoner's pain or possible medical need and (b) harm
    caused by the indifference. Indifference may appear when prison
6   officials deny, delay or intentionally interfere with medical
    treatment, or it may be shown by the way in which prison
7   physicians provide medical care.

8   Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations & quotations omitted); see

9   also McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled in part on other

10  grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

11          Finally, plaintiff is informed that the court cannot refer to a prior pleading in

12  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

13  amended complaint be complete in itself without reference to any prior pleading.  This is

14  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

15  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

16  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

17  original complaint, each claim and the involvement of each defendant must be sufficiently

18  alleged.

19          In accordance with the above, IT IS HEREBY ORDERED that:

20          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

21          2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

22  Plaintiff is assessed an initial partial filing fee of $00.96.  All fees shall be collected and paid in

23  accordance with this court's order to the Director of the California Department of Corrections

24  and Rehabilitation filed concurrently herewith.

25          3.  Plaintiff's complaint is dismissed.

26  /////

4

4.  The Clerk of Court is directed to send plaintiff the form for use in filing civil rights actions in this district.

5.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  November 28, 2006.

_____
U.S. MAGISTRATE JUDGE

1
sain0055.14(1.10.06)

5